**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>        Plaintiff,<br><br>        v.<br><br>TREASURER OF THE UNITED STATES,<br><br>        Defendant. | Case No.: 1:23-cv-1000 JLT EPG<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE AS FRIVOLOUS AND TERMINATING THE MOTION TO ISSUE SUMMONS AS MOOT<br><br>(Docs. 1, 6) |

Joshua Bland, a prisoner at Kern Valley State Prison, seeks to hold the Treasurer of the United States liable for the unlawful conversion of his property, violations of the Constitution of the United States, and "unlawful seizure of personal property not within admiralty or maritime jurisdiction." (Doc. 1 at 1-2, emphasis omitted.) Plaintiff also requests that the Court issue summons in this action. (Doc. 6.) For the reasons set forth below, the Court finds the allegations raised are frivolous and the action is **DISMISSED** with prejudice.

**I.      Screening**

Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

Moreover, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A claim is frivolous "when the alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Put another way, a complaint is frivolous within the meaning of Section 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**II.     Pleading Standards**

A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  A complaint must give fair notice and state the elements of the plaintiff's claim.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether they support a conclusion that the plaintiff is entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id.*

///

### III. Discussion and Analysis

Plaintiff alleges that he made a $100,000,000.00 bond that he mailed to the Treasurer of the United States for public use as an investment. (Doc. 1 at 8.) Plaintiff indicated the bond was issued on behalf of the "Joshua Davis Brand Estate Trust" and the bond was "self-backed." (*See id.* at 14.) Plaintiff now seeks an order to the Treasurer of the United States to pay "the full value of the private bond." (*Id.* at 8; *see also id.* at 8-9.) He contends the failure to pay the of the bond constitutes an unlawful conversion of property under 50 U.S.C § 4309(a) and California Uniform Commercial Code Section 1376(a); a violation of the Fifth Amendment of the Constitution of the United States; a violation Title III, Clause 2 of the Constitution; and "unlawful seizure of personal property not within admiralty or maritime jurisdiction." (*Id.* at 1.)

A review of Plaintiff's complaint reveals that he clearly believes himself to be a "sovereign citizen" who was entitled to create his own bond and funds. (*See generally* Doc. 1.) This is consistent with other actions filed by Plaintiff, in which he espoused similar sovereign citizen beliefs. *See, e.g., Bland v. Warden,* No. 2:21-cv-00518-TLN-DB-P, 2022 WL 1597730 (E.D. Cal. May 19, 2022), *adopted by* 2022 WL 4359068 (E.D. Cal. Sep. 20, 2022); *Bland v. Moffett*, No. 1:19-cv-01750-JLT-SKO, 2022 WL 1198382, at *3 (E.D. Cal. Apr. 22, 2022). Importantly, contentions based upon the sovereign citizen ideology are considered frivolous, and "courts ordinarily reject similar contentions without extended argument." *See, e.g., United States v. Ward,* 182 F.3d 930 (9th Cir. 1999); *United States v. Davis*, 586 F. App'x 534, 537 (11th Cir. 2014) (explaining courts "confronted with sovereign citizens'" arguments "have summarily rejected their legal theories"). As this Court previously observed, "[s]overeign citizens are known to clog up the courts with indecipherable filings." *Moffett,* 2022 WL 1198382 at *2 (internal quotation marks omitted). The complaint before the Court is, in fact, such a frivolous and nearly indecipherable filing.

To the extent Plaintiff believes this bond he created and executed warrants the payment of funds, courts have also rejected the sovereign citizen theories that they can create money, a created promissory note (such as a bond) is money, as frivolous. *See, e.g., Caetano v. Depository Trust Co.*, 2022 WL 3043277 (E.D. Cal. Aug. 2, 2022) (rejecting claims based on the theory that the plaintiff could create his own bonds and promissory notes as "indisputably meritless legal theory"); *Demmler v.*

3

*Bank One NA*, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006) (rejecting the plaintiff's assertion—that the promissory note he executed was the equivalent of "money"— as "utterly frivolous and lack[ing] any legal foundation whatsoever"). Plaintiff's complaint thus lacks an arguable basis in both fact and in law.

### IV.     Conclusion and Order

Based upon the foregoing, the Court finds the Complaint filed in this action is frivolous. Accordingly, the Court **ORDERS**:

1. The complaint filed July 5, 2023 (Doc. 1) is **DISMISSED** with prejudice as frivolous.
2. The motion to issue summons (Doc. 6.) is terminated as **MOOT**.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 24, 2024**

UNITED STATES DISTRICT JUDGE